CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CRIMINAL DOCKET FOR CASE #: <u>1:24−mj−00885−DH</u>−1

Case title: USA v. Sobash

Other court case number:  3:24−00217 Middle District of
Tennessee− Nashville Division

Date Filed: 12/13/2024

Date Terminated: 12/18/2024

---

Assigned to: Judge Dustin M.
Howell

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Philip Taylor Sobash**<br>*TERMINATED: 12/18/2024* | represented by **Angelica Cogliano**<br>Cogliano & Miro, PLLC.<br>505 W. 12th Street<br>Suite 206<br>Austin, TX 78701<br>512−375−3303<br>Fax: 877−497−8347<br>Email: angelica@coglianolaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Opening)</u>**

None

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level
(Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18:2422.F−COERCION OR<br>ENTICEMENT OF<br>FEMALE/MALE | |

**Plaintiff**

**USA**
                                      represented by  **Gabriel Aaron Cohen**
                                                        U.S. Attorney's Office
                                                        903 San Jacinto Blvd., Suite 334
  Austin, TX 78701
  512–370–1246
  Fax: 512–916–5854
  Email: gabriel.cohen@usdoj.gov
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

  **Sharon S. Pierce**
  Assistant United States Attorney
  903 San Jacinto Blvd., Suite 334
  Austin, TX 78701
  (512) 916–5858
  Fax: 512–370–1281
  Email: sharon.pierce@usdoj.gov
  *TERMINATED: 12/13/2024*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*
  *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2024 | 1 | Arrest (Rule 5/Rule 32.1) of Philip Taylor Sobash (SL) (Entered: 12/13/2024) |
| 12/13/2024 | 2 | MOTION to Detain Defendant without Bond by USA as to Philip Taylor Sobash. (SL) (Entered: 12/13/2024) |
| 12/13/2024 | 3 | NOTICE OF ATTORNEY APPEARANCE Gabriel Aaron Cohen appearing for USA. . Attorney Gabriel Aaron Cohen added to party USA(pty:pla) (Cohen, Gabriel) (Entered: 12/13/2024) |
| 12/13/2024 | 4 | Memorandum in support of by USA as to Philip Taylor Sobash re 2 MOTION to Detain Defendant without Bond (Cohen, Gabriel) (Entered: 12/13/2024) |
| 12/13/2024 | 5 | Minute Entry for proceedings held before Judge Dustin M. Howell:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Philip Taylor Sobash held on 12/13/2024 (Minute entry documents are not available electronically.) (Court Reporter FTR–ERO Gold.) (SL) (Entered: 12/13/2024) |
| 12/13/2024 | 6 | NOTICE OF HEARING as to Philip Taylor Sobash Detention Hearing set for 12/18/2024 10:00 AM in Austin before Judge Dustin M. Howell, (SL) (Entered: 12/13/2024) |
| 12/13/2024 | | ORAL WAIVER OF IDENTITY HEARING by Philip Taylor Sobash (SL) (Entered: 12/13/2024) |
| 12/17/2024 | 7 | NOTICE OF ATTORNEY APPEARANCE: Angelica Cogliano appearing for Philip Taylor Sobash . Attorney Angelica Cogliano added to party Philip Taylor Sobash(pty:dft) (Cogliano, Angelica) (Entered: 12/17/2024) |

| 12/18/2024 | 8 | Minute Entry for proceedings held before Judge Dustin M. Howell:Detention Hearing as to Philip Taylor Sobash held on 12/18/2024 (Minute entry documents are not available electronically.) (Court Reporter FTR–ERO Gold.) (SL) (Entered: 12/18/2024) |
| --- | --- | --- |
| 12/18/2024 | 9 | Order Regarding Due Process Protections Act as to Philip Taylor Sobash. Signed by Judge Dustin M. Howell. (SL) (Entered: 12/18/2024) |
| 12/18/2024 | 10 | ORDER GRANTING 2 Motion to Detain Defendant without Bond. as to Philip Taylor Sobash (1). Signed by Judge Dustin M. Howell. (SL) (Entered: 12/18/2024) |
| 12/18/2024 | 11 | COMMITMENT TO ANOTHER DISTRICT as to Philip Taylor Sobash. Defendant committed to Middle District of Tennessee, Nashville Division.. Signed by Judge Dustin M. Howell. (SL) (Entered: 12/18/2024) |

**FILED**

December 13, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
SL
DEPUTY

**F I L E D**

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 04 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) NO. 3:24-00217 |
| v. | ) |
| | ) Austin Case No: 1:24-mj-885-DH |
| | ) 18 U.S.C. § 2251(a) |
| | ) 18 U.S.C. § 2251(e) |
| | ) 18 U.S.C. § 2252A(a)(2) |
| PHILIP TAYLOR SOBASH | ) 18 U.S.C. § 2422(b) |

DEPUTY CLERK

# I N D I C T M E N T

## COUNT ONE

THE GRAND JURY CHARGES:

Between on or about October 11, 2018, and on or about May 31, 2019, in the Middle District of Tennessee and elsewhere, the defendant, **PHILIP TAYLOR SOBASH**, did employ, use, persuade, induce, entice, and coerce Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the defendant knew and had reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate commerce, and the visual depiction actually was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between on or about October 11, 2018, and on or about May 31, 2019, in the Middle District of Tennessee and elsewhere, the defendant, **PHILIP TAYLOR SOBASH**, did use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely, Sexual Exploitation of a Minor, which is a criminal offense under Title 18, United States Code, Sections 2251(a) and (e), and production of child pornography under Title 18, United States Code, Section 2427.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Between on or about October 11, 2018, and on or about May 31, 2019, in the Middle District of Tennessee and elsewhere, the defendant, **PHILIP TAYLOR SOBASH**, knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce and that has been mailed, and has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

2

## FORFEITURE ALLEGATION

1.      The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.      Upon conviction of Count One of this Indictment, the defendant, **PHILIP TAYLOR SOBASH,** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

> (a)      Any visual depiction described in 18 U.S.C. §§ 2251 or 2252A, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction which was produced, transported, mailed, shipped or received in violation of law;

> (b)      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

> (c)      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

3.      Upon conviction of Count Two of this Indictment, the defendant, **PHILIP TAYLOR SOBASH,** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense, and (2) any property, real or personal, that constitutes or is derived from proceeds traceable to the offense.

3

6

A TRUE BILL



FOREPERSON

THOMAS J. JAWORSKI
ACTING UNITED STATES ATTORNEY

MONICA R. MORRISON
ASSISTANT UNITED STATES ATTORNEY

ADAM BRASKICH
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
CHILD EXPLOITATION AND OBSCENITY SECTION

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FILED**

December 13, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ SL
DEPUTY

**UNITED STATES OF AMERICA**
**Plaintiff**

**v**

**PHILIP TAYLOR SOBASH**
**Defendant**

**No. 1:24-MJ-885-DH**

## MOTION FOR DETENTION OF DEFENDANT

The government seeks pretrial detention under Title 18, United States Code, Section 3142, et seq., and would show the Court the following:

1.      The pending case involves:

[  ]   (a)     A crime of violence; 18 U.S.C. § 3142(f)(1)(A).

[**X**]   (b)     An offense for which the maximum sentence is life imprisonment or death; 18 U.S.C. § 3142(f)(1)(B).

[  ]   (c)     An offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or the Maritime Drug Law Enforcement Act; 18 U.S.C. § 3142(f)(1)(C).

[  ]   (d)     A felony committed after the Defendant had been convicted of two or more prior offenses described in Title 18, United States Code, Section 3142(f)(l)(A)-(C) or comparable state or local offenses.

[**X**]   (e)     A felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves the failure to register under section 2250 of title 18, United States Code; 18 U.S.C. § 3142(f)(1)(E).[1]

_____

[1] Because, as set forth in the indictment, this case involves a minor victim under, *inter alia*, 18 U.S.C. § 2251(a), the court is to presume, subject to rebuttal by Defendant, "that no condition or combination of conditions shall assure [his] appearance . . . as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(3)(E).

[**X**]   (f)      A serious risk that the Defendant will flee; 18 U.S.C. § 3142(f)(2)(A).

[**X**]   (g)     A serious risk that the person will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror; 18 U.S.C. § 3142(f)(2)(B).

[  ]    (h)     An offense committed by the Defendant while released pending trial or sentence, or while on probation or parole and the person may flee and/or poses a danger to another person and/or the community requiring an initial 10-day detention pursuant to 18 U.S.C. § 3142(d).

[  ]    (i)      An offense committed by the above named defendant who is not a citizen of the United States or lawfully admitted for permanent residence and the person may flee requiring an initial 10 day detention under the provisions of 18 U.S.C. § 3142(d).

2.      No condition or combination of conditions will:

[**X**]   (a)     Reasonably assure the appearance of the person as required.

[**X**]   (b)     Reasonably assure the safety of the community or any other person.

3.      The United States may advocate additional reasons for detention other than those indicated above as the investigation proceeds and new information becomes available.

4.      Pursuant to 18 U.S.C. § 3142(f) the United States moves that the detention hearing be continued for **THREE** days so that the United States can prepare for said hearing.

5.      The Government requests that the Defendant be held without bond.

*Respectfully submitted*,

JAIME ESPARZA
UNITED STATES ATTORNEY

By:    /s/ Gabriel A. Cohen
       GABRIEL A. COHEN
       Assistant U.S. Attorney
       903 San Jacinto Blvd., Suite 334
       Austin, Texas 78701
       Office: (512) 916-5858
       Fax:    (512) 916-5854

**Motion for Detention of Defendant**                                                           **Page 2**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the government's motion for detention has been delivered on December 13, 2024 to the Clerk of Court via electronic mail.

<u>/s/ *Gabriel Cohen*</u>
GABRIEL COHEN
Assistant U.S. Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Office: (512) 916-5858
Fax:     (512) 916-5854

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:24-MJ-885-DH** |
| **PHILIP TAYLOR SOBASH,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## GOVERNMENT'S NOTICE OF APPEARANCE OF COUNSEL

The United States Attorney, by and through the undersigned Assistant United States Attorney, hereby notifies the Court and the Defendant that Assistant United States Attorney Gabriel Cohen is assigned to this matter and will serve as counsel for the government.

*Respectfully submitted*,

JAIME ESPARZA
United States Attorney

By:    /s Gabriel Cohen
GABRIEL COHEN
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Office: (512) 370-1246
Fax: (512) 916-5854
gabriel.cohen@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 13, 2024, a copy of the foregoing Government's Notice of Appearance of Counsel was filed with the Clerk of the Court using the CM/ECF system.

/s Gabriel Cohen
Gabriel Cohen
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **WDTX Case No. 1:24-mj-885** |
| | ) | **MDTN Case No. 3:24-cr-217** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **PHILIP TAYLOR SOBASH** | ) | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, through Jaime Esparza, United States Attorney for the Western District of Texas, respectfully files this memorandum in support of pretrial detention. The Government has sought that the defendant be detained pretrial, pursuant to 18 U.S.C. § 3142(e)(3)(E), on the basis that there are no conditions or combinations of conditions that will reasonably assure Sobash's presence in court or the safety of the community. Sobash has been indicted for offenses involving minors under 18 U.S.C. §§ 2251, 2422, and 2252A(a)(2), triggering 18 U.S.C. § 3142(e)(3)(E)'s presumption in favor of pretrial detention.

Under the factors outlined in § 3142(g), there is clear and convincing evidence that Sobash poses a danger to the victims and the community and that no conditions of release will reasonably assure the safety of the victims, among others. There is also a preponderance of evidence that Sobash is a flight risk under the factors outlined in § 3142(g). The Government seeks the defendant's continued detention pending trial in this matter on these grounds.

### I.   PROCEDURAL BACKGROUND

On December 4, 2024, a federal grand jury in the Middle District of Tennessee indicted the defendant, Philip Taylor Sobash ("Sobash"), on one count of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e); one count of coercing and enticing a minor to engage in

prostitution or unlawful sexual activity, in violation of 18 U.S.C. § 2422(b); and one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

Special Agents with the Federal Bureau of Investigation ("FBI") arrested Sobash at his home on December 13, 2024, on which date Sobash made his initial appearance before this Court. The Government has moved for Sobash's detention pending trial.

## II.   LEGAL PRINCIPLES GOVERNING REQUESTS FOR DETENTION

### A.   Factors Justifying Detention

The Court must order the defendant's detention before trial if it finds that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Under 18 U.S.C. § 3142(e)(3)(E), where, as here, a grand jury has found probable cause that the defendant committed "an offense involving a minor victim under section 2251 . . . 2252A(a)(2) . . . [or] 2242 . . . of [Title 18]," there arises a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." This presumption "'shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion.' But, 'the mere production of evidence does not completely rebut the presumption.'" *United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022) (quoting *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). "In applying this burden-shifting framework, the district court should consider the factors listed in 18 U.S.C. § 3142(g)." *Id.*

Section 3142(g) of Title 18 provides that "in determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of other persons and the community," the Court shall consider (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence of dangerousness against the person; (3) the history and

- 2 -

characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  "A threat of future dangerousness may be based on the risk that no conditions will reasonably prevent the defendant from obstructing justice." *United States v. DeGrave*, 539 F. Supp. 3d 184, 199 (D.D.C. 2021).  *See also United States v. LaFontaine*, 210 F.3d 125, 134 (2d Cir. 2000); *United States v. Lamar*, 600 F. Supp. 3d 714, 722 (E.D. Ky. 2022).  "The government must prove risk of flight by a preponderance of the evidence, and risk of danger to the community by clear and convincing evidence." *United States v. Vallejo*, 983 F.2d 1061 (5th Cir. 1993).

## III.   NO CONDITIONS WILL REASONABLY ASSURE THE SAFETY OF THE VICTIMS AND OTHERS

### A.   Nature and Circumstances of the Offenses

Between on or about October 11, 2018, and May 31, 2019, Sobash engaged in an online sexually explicit relationship with Minor Victim 1, who resided in the Middle District of Tennessee.  This online relationship between Sobash and Minor Victim 1 began after they connected on the website Seeking Arrangement (now known as Seeking), a dating website that facilitates "sugar daddy" relationships.  Although Minor Victim 1 represented that she was 18 when she signed up for the website, Seeking Arrangement did not verify the age of its users.  After the communication between Minor Victim 1 and Sobash transitioned to text message, Minor Victim 1 quickly advised Sobash of her true age and later sent him a photo of her driver's license, which confirmed her minority.[1]

---

[1] There is no limitations period for the offenses charged in this case. *See* 18 U.S.C. § 3299.

- 3 -

During their communication, Sobash made no effort to conceal his identity and provided his name, information about his occupation, and other personal identifying information to Minor Victim 1. Minor Victim 1 also provided Sobash with her name, her address, and other information about her life and family, which corroborated her minority. Shortly after the communication with Minor Victim 1 transitioned to text message, Sobash began requesting that Minor Victim 1 produce sexually explicit images. Minor Victim 1 declined to do so unless paid, so Sobash sent her money electronically. After Minor Victim 1 sent him a nude image, Sobash sent her more money. During the more than seven-month period specified in the indictment, Sobash continued to provide money and gifts to Minor Victim 1 in exchange for sexually explicit imagery. Sobash sent payments via PayPal and Venmo and purchased gifts from various retail stores, including Urban Outfitters and Michael Kors, and had those gifts sent to Minor Victim 1's house. Beyond sending her cash and gifts in exchange for the creation of these sexually explicit images, Sobash sent Minor Victim 1 sex toys, costumes, and other items to use during the creation of these images. Although Sobash discussed traveling to the Middle District of Tennessee or flying Minor Victim 1 to his location so the two could have sex, Sobash and Minor Victim 1 never met in person.

Despite Sobash's assurances that the sexually explicit images Minor Victim 1 produced for him would not be disseminated and were solely for his personal use, Minor Victim 1 later became concerned that Sobash was distributing her images to unknown individuals after she began receiving random phone calls and social media invitations from accounts she did not recognize. When Minor Victim 1 questioned Sobash about distributing the sexually explicit images she sent to him, he denied doing so. However, after Minor Victim 1's contact with Sobash ceased, her worst fears were confirmed when a friend discovered Minor Victim 1's nude images online.

- 4 -

After the discovery of her nude images online, Minor Victim 1 was bombarded by phone calls and social media requests from unknown individuals who attempted to blackmail her to produce more sexually explicit images by threatening to send her nude images to her family, her friends, and her family members' coworkers if she did not comply with their demands.  At one point after she began receiving these threats, her parent's coworker received a sexually explicit image of Minor Victim 1.  To this day, Minor Victim 1 and her family members continue to be contacted by unknown individuals about Minor Victim 1's nude images, which remain publicly available on the internet.

The FBI began investigating Sobash in early 2024 when the FBI discovered another offender in possession of the sexually explicit images of Minor Victim 1.[2]  The images of Minor Victim 1 were part of a larger collection of sexually explicit images and videos of about 70 young women, some of whom were minors when the sexually explicit images were created, called the "DiscreetGent" collection.

After discovering Minor Victim 1's sexually explicit images in the possession of this offender, the FBI, while acting in an undercover capacity, separately purchased Minor Victim 1's images on a clearnet (i.e., publicly accessible) website.  The DiscreetGent collection of Minor Victim 1 included over 700 videos and pictures of Minor Victim 1 engaged in sexually explicit conduct.  Many of these images involved Minor Victim 1 lasciviously displaying her anus or genitals or engaged in masturbation.  (The images therefore met the definition of "child pornography" as defined in 18 U.S.C. § 2256(8) and referred to here as "child sexual abuse

---

[2] The connection, if any, between this offender and Sobash is unknown.  It is believed this offender obtained the images of Minor Victim 1 online.

- 5 -

material" or "CSAM.")  Minor Victim 1's set of images, like many of the other images in the DiscreetGent collection on this site, was labeled using her first and last name.  Included in the collection of Minor Victim 1's sexually explicit images purchased by the FBI was a photo of Minor Victim 1's driver's license.  Minor Victim 1 confirmed that the images the FBI purchased on the site were images she produced for Sobash.

The FBI identified at least four other minor victims featured in the DiscreetGent collection, who produced CSAM for Sobash and received payment in exchange for the production of the CSAM.  Additional information about the four other minor victims is included below:

**Minor Victim A (MV-A)** was 16 when she joined Seeking Arrangement and met Sobash. From their conversations, Sobash was aware of MV-A's true age.  Sobash requested nude photos of MV-A, which she sent in exchange for money.  Venmo records show payments from Sobash to MV-A in June 2020, when MV-A was 16, with attached comments like "get wet and send me more", "more tik tok", "for showing off to so many people", "good girls get rewarded", "turning me on", "don't stop sending me that body."  Many of MV-A's sexually explicit images from the DiscreetGent collection contain EXIF ("Exchangeable Image File Format") data showing they were created when MV-A was a minor.  Critically for purposes of the present motion, MV-A recalls that Sobash demanded more photos and told her if she did not comply, he would release her photos to family and friends.

**Minor Victim B (MV-B)** joined Seeking Arrangement as a senior in high school.  She began communicating with just one user on the site, a man whose name she could not remember. She sent CSAM in exchange for payments to her PayPal account.  Sobash's PayPal records show he paid MV-B $100 in July 2017, when MV-B was 17 years old.  MV-B's sexually explicit images

- 6 -

are included in the DiscreetGent collection that is for sale online and have been sent by unknown persons to MV-B's family members, friends, and employer.

**Minor Victim C (MV-C)** joined Seeking Arrangement and met an individual who requested specific types of nude images, and when she performed as requested, the subject would send her money.  Venmo records show that Sobash sent about $400 to MV-C via Venmo when MV-C was 17 years old, in late 2020.  The FBI showed MV-C sanitized versions of her sexually explicit images from the DiscreetGent collection, and she identified them as pictures of her that were taken when she was a minor.  EXIF data from some of the sexually explicit images corroborate that the images were created when MV-C was 17 years old.

**Minor Victim D (MV-D)** met a man name "Jonathan" on a dating app but could not remember the name of the app.  She told "Jonathan" she was 16 years old and recalls him responding that it was okay because she was only a year and half away from 18.  "Jonathan" paid MV-D for sexually explicit images, which she produced and sent to him.  Sobash's Venmo records show he paid MV-D $130 via PayPal in September 2017, when MV-D was 17 years old.  MV-D's sexually explicit images are included within the DiscreetGent collection, and EXIF data from some of those images confirm the images were created when MV-D was 17 years old.

Like Minor Victim 1, all four of the minor victims described above confirmed the CSAM they sent to Sobash ended up online; that they were contacted by unknown individuals who threatened to disseminate their images if they did not produce new sexually explicit content; that they received social media invitations from unknown individuals after sending CSAM to Sobash; some have actually had their sexually explicit images sent to friends, family members, and employers as threatened; and all continue to be harassed by unknown individuals and fearful of continued dissemination of their sexually explicit images to friends, family members, and

- 7 -

employers.  One of the minor victims advised the FBI that Sobash himself threatened to send her nude images to her family members and friends if she did not produce more images for him.

On November 15, 2021, several years after Minor Victim 1's contact with Sobash ceased and Minor Victim 1 learned her sexually explicit images were publicly available on the internet, Minor Victim 1 entered into a civil settlement with Sobash after retaining counsel, who sent him a draft of a civil complaint related to the production of sexually explicit images of Minor Victim 1 and Sobash's unauthorized dissemination of those images.  Sobash negotiated a civil settlement with Minor Victim 1 prior to the filing of the civil complaint.  As part of this civil settlement, Sobash paid Minor Victim 1 $800,000 to release any civil claims against him.  Included in the Settlement Agreement with Sobash was a provision entitled "Non-Cooperation with other Claimants," which read as follows:

> [Minor Victim 1] agrees that she will not cooperate with, aid, assist, or encourage in any way, any other person to pursue any legal claims, or lawsuits against Dr. Sobash. [Minor Victim 1] may cooperate only if she is contacted by law enforcement or compelled to testify under oath pursuant to a lawfully issued subpoena or other similar legal process, written notice of which [Minor Victim 1] shall provide within five (5) days of its receipt or three (3) days prior to giving any such testimony, whichever occurs first, to [Sobash's counsel], if legally permissible.

Around the same time Sobash entered into a civil settlement with Minor Victim 1, Sobash entered into civil settlements with multiple young adult women and/or minor teenage girls for similar sexually exploitative conduct.  Some of the victims were represented by the same attorneys as Minor Victim 1 and some were represented by other counsel.  The amount of money Sobash paid to the other victims in connection with their civil settlements is unknown.

**B.      Weight of the Evidence**

The weight of the evidence against Sobash is overwhelming.  CSAM depicting Minor Victim 1, MV-A, MV-B, MV-C, and MV-D have all been sold online as part of the same

DiscreetGent collection. Through its investigation, the FBI has found extensive evidence that "DiscreetGent" and Philip Sobash are one and the same. Adult Victim A (AV-A) recalls joining Seeking Arrangement in 2017, not long after she graduated from college. She met someone with the username "Discreet Gent," who said he was a doctor, and who eventually requested that AV-A send him nude images of herself. AV-A agreed and sent dozens of nude images to Discreet Gent and recalled that he would send her money via Venmo. Although Discreet Gent promised that AV-A's nude images would remain private between them, her images eventually ended up for sale online, including as part of the DiscreetGent collection that contained CSAM. Sobash's Venmo records show that he sent money to AV-A in late 2017.[3]

The FBI executed search warrants on Sobash's Google accounts and obtained (via subpoena) records from his PayPal, Venmo, CashApp, and Urban Outfitters accounts. Google records showed that Sobash's primary Google account, PhilipSobash@gmail.com, was linked to DiscreetGentlemanGirls@gmail.com in ways that show Sobash controlled both accounts. Sobash's primary Google account contained a saved document called "Discreet Gent_How It Works," which details how customers can pay for Discreet Gent nude images, including via PayPal at discreetgent@protonmail.com and via CashApp at discreetgent50. Two different CashApp accounts belonging to Sobash (listing his first and last name, date of birth, and social security number) contain aliases "discreetgent50" and "discreetgent" as well as email addresses discreetgent50@gmail.com and discreetgent@protonmail.com. Sobash's Urban Outfitters account, which lists his first and last name as well as his primary Gmail address, also lists the email address discreetgent@protonmail.com.

---

[3] Unlike AV-A, Minor Victim 1 did not recall Sobash's Seeking Arrangement username.

The EXIF data associated with some of the CSAM of Minor Victim 1 in the DiscreetGent collection confirm these images and videos were produced in the Middle District of Tennessee when she was under the age of 18.  Further, some of the CSAM that Minor Victim 1 produced and sent to Sobash was created at a restaurant while Minor Victim 1 was working there, which is evident from the pictures.  The FBI obtained Minor Victim 1's employment records from that restaurant, which is located within the Middle District of Tennessee.  Those records show that Minor Victim 1 was employed at that restaurant when she was 16-17 years old.

The FBI obtained records from PayPal and Venmo that showed Sobash paid over $5,000 to Minor Victim 1 before she turned 18.  Records from Urban Outfitters and Adam & Eve confirm that Sobash purchased goods (including sex toys) and had them sent to Minor Victim 1's residence, also when she was a minor.  Additionally, Minor Victim 1 was saved as a contact in Sobash's Amazon account.  A family member of Minor Victim 1 told the FBI that Minor Victim 1 received an usually high number of packages during the time frame she was communicating with Sobash and described an incident involving the family dog getting into one of the packages, which contained a packing slip with Sobash's name on it.

Following the execution of a search warrant on Apple, the FBI obtained the contents of the Defendant's iCloud account, which contained CSAM of Minor Victim 1 and sexually explicit images of at least one other adult who was included in the DiscreetGent collection.  In one of the CSAM videos of Minor Victim 1, she stated that she was 17 years old and seven months from her 18th birthday.  Sobash's iCloud contained several reverences to Minor Victim 1.  The iCloud content also showed that Sobash had bookmarked Minor Victim B's Instagram account and created a contact card for Minor Victim A that included her email address.

C.    **The Nature and Seriousness of Danger to the Victims and Others**

If Sobash is not detained, there is a grave risk that he will continue to exploit young women and teenage girls, as he has done for years.  There is also considerable risk that he will attempt to obstruct justice by trying to intimidate or otherwise influence victims who may testify against him, as demonstrated by the civil settlement, and its requirement that Minor Victim 1 provide notice if contacted by law enforcement.  Lastly, there is a risk that Sobash will flee, which will not only thwart his prosecution but also enable him to exploit and intimidate his victims with impunity.

Sobash appears to be addicted to exploiting young women and teen girls and to derive pleasure from causing them humiliation and embarrassment by disseminating their sexually explicit images.  Records from Seeking.com (formerly Seeking Arrangement) show that Sobash created his first account on the site in January 2014 and has created at least 11 accounts in total. His Gmail records indicate that his Seeking accounts were frequently suspended for abuse and that he would then create new Gmail accounts for the purpose of creating new Seeking accounts. Records from one of Sobash's Google accounts show he ran the search "can I bypass seeking arrangement ban with vpn".  Because Seeking.com deletes its records after a few months, the government did not obtain messages from most of his accounts.  However, records from his most recent account showed that over an approximately four-month span in 2024, he messaged over 2,700 other users. He sent the same initial message to seemingly every female user he contacted. It read:

> Hi there, you are stunning! I am very busy and never seem to find great girls close to me. I am wondering your thoughts on an arrangement which consisted of texting, pictures etc. I would be happy send gifts and money as well as buy you new clothes! If this interests you let me know.

The FBI has made strides identifying and contacting the victims depicted in the DiscreetGent collection, but those victims are likely just the tip of the iceberg.  Sobash's PayPal,

- 11 -

CashApp, and Venmo records show payments to scores of other females who are not among the 70 featured in the DiscreetGent collection.  Many of these transactions date back to 2015 and have accompanying written notes that are sexually suggestive.

Every time Sobash exploits a new victim and releases her images on the internet (or sends them to others who do so), he irreparably harms that victim.  Those of Sobash's victims who have been interviewed by the FBI, including his minor victims, have reported extreme emotional distress and negative personal and professional consequences.  There is little reason to think that because Sobash has been criminally charged, he will be able to stop himself from engaging in the same abusive conduct that he has likely been perpetrating on a wide scale for over a decade.

Sobash's Google search history also shows that he is fixated on his victims and poses a continued threat to them.  In 2021, he searched for Minor Victim 1's Instagram account, and at least as recently as 2022, he searched for her sexually explicit images.  He searched for Minor Victim D and viewed news of her high school graduation the year after he exploited her.  And he has searched repeatedly for many of his adult victims.

Sobash's release would also enable him to harass and intimidate his victims in an effort to dissuade them from cooperating with law enforcement.  As noted above, Minor Victim A recalls being threatened directly by Sobash.  Nearly all of Sobash's other victims who have been interviewed by the FBI have reported that unknown offenders have harassed and threatened them by phone, email, or social media.  Sobash facilitated and encouraged this abuse even if he did not participate in it directly, as evidenced by the nature of the DiscreetGent collection.  Far from merely distributing sexually explicit images, Sobash included his victims' first and last names, and in Minor Victim 1's case, posted her driver's license photo with her home address.  The DiscreetGent collection also includes non-pornographic images and videos scraped from the

victims' social media accounts, no doubt to reveal more personal details about them. Sobash appears to derive pleasure not just from the sexual images he collects, but from distributing them in a way that exposes and humiliates the young women and girls depicted in them. Given the nature of Sobash's scheme, it is difficult to imagine he would hesitate to intimidate his victims directly or encourage his online followers to do so on his behalf.

If released, Sobash would also likely obstruct justice by destroying evidence. FBI agents executed a search warrant at Sobash's home in Austin on the morning of December 13, 2024. They ordered Sobash to come out of his home, at which point he exited through his back door carrying a hard drive, which he threw over his fence and into his neighbor's yard. FBI agents retrieved the hard drive and are still analyzing it, but they have already observed that it contains sexually explicit images of young females that are labeled with first and last names. If released, Sobash would surely attempt to destroy any evidence that has not already been seized by the FBI.

Sobash is also a flight risk. He likely has extensive financial resources, as evidenced by his $800,000 settlement agreement with Minor Victim 1, which was just one of several civil settlements. Sobash also drives a 2023 Land Rover Range Rover Sport, which public sources suggest retails at no less than $83,000; his Google records show that he once purchased an $18,000 vintage Rolex wristwatch; and, of course, he has paid thousands to victims as part of his scheme to entice them to send him sexually explicit images, which are then sold online (likely by Sobash).

With these resources, Sobash may flee from prosecution, or, as noted above, he may attempt to influence witnesses or otherwise obstruct justice. It is reasonable to suspect that Sobash has planned to do this all along in the event his crimes drew the attention of law enforcement. That was likely Sobash's reason for negotiating a non-disclosure agreement requiring Minor Victim 1

- 13 -

to notify Sobash's lawyer if contacted by law enforcement or served with a subpoena related to his misconduct.

### D.     <u>Sobash's Criminal History and Personal Characteristics</u>

Sobash completed pretrial diversion in New Jersey in September of this year for conduct involving the production and dissemination of sexually explicit images of an adult woman, with whom he engaged in an online relationship. Although Sobash's conduct was reported to multiple law enforcement agencies over the years, his only criminal charges relate to his indictment in the Middle District of Tennessee and the pretrial diversion in New Jersey.

While Sobash does not have any criminal convictions, his sexual exploitation of minor teenage girls and young adult women resulted in other collateral consequences, which do not appear to have deterred him from engaging in this predatory behavior. Sobash was previously a licensed medical doctor, but voluntarily surrendered his Arkansas medical license in late 2021 while under investigation by the Arkansas State Medical Board. The Arkansas State Medical Board appears to have initiated its investigation following civil litigation arising out of Sobash's sexual exploitation of minor teenage girls and young adult women.

Although Sobash voluntarily relinquished his medical license while under investigation by the Arkansas State Medical Board, completed pretrial diversion in New Jersey, has been sued civilly and/or threatened with multiple civil suits for his sexually exploitive conduct, he remains active on Seeking.com, continuing to entice female users to send him nude imagery. It is difficult to imagine Sobash has not exploited other minors beyond the five discussed in this filing, and it is similarly difficult to imagine Sobash is not making nefarious use of whatever sexually explicit images he receives from each new victim he entices.

- 14 -

### E.  **Inadequacy of Release Conditions**

Whatever release conditions the defense may propose would be inadequate to protect the community and ensure Sobash's appearance in court.  Sobash is a digital offender.  He communicates with victims using a dating website and text messages; he entices victims by sending money electronically or by ordering them gifts online; he receives CSAM and other sexually explicit imagery electronically; and he then distributes that imagery online.  All Sobash needs to continue his long-running criminal scheme is a cell phone.  He could also easily use a cell phone or computer to obstruct justice by contacting victims or deleting evidence that is stored in his online accounts.  Confining Sobash to his home or placing him with a third-party custodian will be insufficient, because such measures will not reasonably assure that Sobash cannot access and misuse electronic devices.  Such measures will also do little to prevent Sobash from fleeing if he is determined to do so.  He has considerable financial resources, faces extremely significant punishment if convicted, including a statutory maximum sentence of life imprisonment, has limited ties to the Western District of Texas,[4] and lives mere hours from the Mexican border.

## IV.  **CONCLUSION**

For all the reasons above, as well as for any reasons which may be set forth at a hearing on this motion, the Government respectfully submits that Sobash cannot overcome the rebuttable presumption that there exists no condition or combination of conditions which would assure the

---

[4] Sobash moved to the area to attend business school at the University of Texas, Austin, where he is currently enrolled in the MBA Class of 2025.  The government is not aware of any other ties that Sobash has to Texas.  He has previously lived and worked in Arkansas, South Carolina, and Georgia.

- 15 -

defendant's presence in court or the safety of any person or the community. Accordingly, the Government respectfully requests that the Court order Sobash detained pending trial.

RESPECTFULLY SUBMITTED, this 13th day of December 2024.

JAIME ESPARZA
UNITED STATES ATTORNEY

BY:     *s/ Gabriel Cohen*
GABRIEL COHEN
Assistant United States Attorney
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Telephone: (512) 916-5858
E-mail: gabriel.cohen@usdoj.gov

THOMAS J. JAWORSKI
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Monica R. Morrison*
MONICA R. MORRISON
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151
E-mail:  monica.morrison@usdoj.gov

*/s/ Adam Braskich*
ADAM BRASKICH
Trial Attorney, U.S. Dept. of Justice
Child Exploitation & Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, DC 20530
Telephone: (202) 616-4598
E-mail:  Adam.W.Braskich@usdoj.gov

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that I filed this memorandum with the Clerk of Court on this 13th day of

December 2024 via the CM/ECF system.


*s/ Gabriel Cohen*
GABRIEL COHEN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.

Criminal No.:  **AU:24-M -00885(1)**

(1) Philip Taylor Sobash

*Defendant*

Date Appeared:  December 13, 2024
Time:                  11:07AM-11:15AM (8 minutes)

# PROCEEDING MEMO - INITIAL APPEARANCE

1.  Indictment Filed

| | |
|---|---|
| 12/4/2024 | Warrant Issued: |

|  12/4/2024  |
|---|
|  *Date*  |

Arrested

| 12/13/2024 | Agency: |
|---|---|

| FBI |
|---|
| *Agency* |

2.  COURT PERSONNEL:

| | |
|---|---|
| U.S. Magistrate Judge: | DUSTIN M. HOWELL |
| Courtroom Deputy: | Samantha Landeros |
| Pretrial Officer: | |
| Interpreter: | |
| Court Reporter: | FTR Gold - ERO |

3.  APPEARANCES:

| | |
|---|---|
| AUSA: | |
| DEFT: | |

4.  PROCEEDINGS:

| | | | | | | |
|---|---|---|---|---|---|---|
| a. | Age | 34 | Education | 11th grade | Gender | Male |

b.   Defendant understands proceedings and is mentally competent.  **Y**
c.   Defendant is informed of constitutional rights.  **Y**
d.   Defendant understands charges.  **Y**
e.   If charged on complaint, Defendant informed of right to Preliminary Hearing.  **N/A**
f.   Defendant informed of right to legal counsel.  **Y**

       1)   Defendant waives counsel.
       2)   Defendant states he/she will retain counsel.
   X   3)   Defendant states he has retained:  Michael Connolly
                   Phone No.:
       4)   Defendant requests appointment of counsel.
              Defendant HAS NOT completed the CJA23 financial affidavit.
                   Court will appoint counsel in the interest of justice based on deft's verbal accounting
                   of his current financial status.
              Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel
              because:
                   The defendant is indigent at this time.
                   Even though the defendant is not indigent, counsel will be appointed in the interests
                   of justice.
              The Court finds that the defendant is NOT eligible and denies request.

PROCEEDING MEMO - INITIAL APPEARANCE
In Re:  (1) Philip Taylor Sobash
Page 2 of 2 Pages

g.  PRE-TRIAL RELEASE:

    __X__  1)  The Government makes ☐ oral   or  ☒ written motion for detention under 18 USC 3142.
              Court sets detention  hearing for _____12/18/24 at 10:00 a.m._____

    _____  2)  The Court sua sponte moves for detention.  The detention hearing is set for
              _____ at _____

    _____  3)  The Defendant ☐ is released ☐ will be released on the following conditions:
              Bond is set at $ _____

              *(Check the following that apply:)*

              _____  unsecured            _____  unsecured with 10% posted to the registry
              _____  cash or corporate       _____  additional sureties
              _____  3rd party custodian     _____  as set forth in the order setting conditions of release

h.  Temporary Detention issued ___12/23/2024___    Arraignment set for ___12/18/24 at 10:00 a.m._____

i.  REMOVAL PROCEEDINGS:
    The Defendant is advised of Rule 20 and Rule 5 rights and ....

    _____  1)  The Defendant waives Rule 5(c)(3)(D)(ii) and is detained pending removal to the
              _____.  Detention hearing is to be held in that district.

    _____  2)  The Defendant waives Rule 5 and is released on bond.  The Defendant is ordered to appear in the
              _____ ☐ on _____
              or ☐ when notified by the prosecuting district.

    _____  3)  The Defendant is ☐ detained ☐ released on bond and requests Rule 5(c)(3) hearing.  The
              Court sets hearing for _____

j.  Other: ___Oral Waiver of Identity Hearing._____

AO 470 (01/09) Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

Case Number:  AU:24-M -00885(1)

v.

(1) Philip Taylor Sobash
   *Defendant*

# ORDER SCHEDULING A DETENTION HEARING

A  [ X ]  detention hearing   and an  [  ]  identity hearing   in this case is/are scheduled as follows:

| Place:                501 West 5th Street, Austin, Texas, 78701 | Courtroom No.: 3, 4th Floor |
|---|---|
| Presiding Judge:    Magistrate Judge Dustin Howell | Date and Time:  December 18, 2024, at 10:00 AM |

      **IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

      If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

| | |
|---|---|
| December 13, 2024 | |
| *Date* | DUSTIN M. HOWELL<br>UNITED STATES MAGISTRATE JUDGE |

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Compolaint or Indictment)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

                              Case Number:  AU:24-M -00885(1)

v.

                              *Charging District Case No.:  3:24-00217*

(1) Philip Taylor Sobash
    *Defendant*

### Waiver of Rule 5 & 5.1 Hearings
#### (Complaint/Indictment)

      I understand that I have been charged in another district, the Middle Distrit of Tennessee-Nashville Division.

I have been informed of the charges and of my rights to:

    (1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;
    (2)   an identity hearing to determine whether I am the person named in the charges;
    (3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
    (4)   a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —unless I am indicted — to determine whether there is probable cause to believe that  an offense has been committed;
    (5)   a hearing on any motion by the government for detention;
    (6)   request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(  )   an identity hearing and production of the warrant.

(  )   a preliminary hearing.

(  )    a detention hearing.

(  )   an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

       I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Philip Taylor Sobash, *Defendant*

_____
*Date*

_____
*Counsel for Defendant*

```
MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: Gabriel Aaron Cohen (caseview.ecf@usdoj.gov, gabriel.cohen@usdoj.gov,
linda.hoffman@usdoj.gov, usatxw.ecfau@usdoj.gov), Sharon S. Pierce
(caseview.ecf@usdoj.gov, linda.hoffman@usdoj.gov, usatxw.ecfau@usdoj.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:31434044@txwd.uscourts.gov
Subject:Activity in Case 1:24-mj-00885-DH USA v. Sobash Waiver (Other)
```
Content–Type: text/html

## U.S. District Court [LIVE]

### Western District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 12/13/2024 at 1:11 PM CST and filed on 12/13/2024

| | |
|---|---|
| **Case Name:** | USA v. Sobash |
| **Case Number:** | 1:24–mj–00885–DH |
| **Filer:** | Dft No. 1 – Philip Taylor Sobash |
| **Document Number:** | No document attached |

**Docket Text:**
**ORAL WAIVER OF IDENTITY HEARING by Philip Taylor Sobash (SL)**

**1:24–mj–00885–DH–1 Notice has been electronically mailed to:**

Gabriel Aaron Cohen &nbsp &nbsp gabriel.cohen@usdoj.gov, caseview.ecf@usdoj.gov,
Linda.Hoffman@usdoj.gov, usatxw.ecfau@usdoj.gov

**1:24–mj–00885–DH–1 Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
|  | § | |
| V | § | Case No. 1:24-MJ-885 |
|  | § | |
| PHILIP TAYLOR SOBASH | § | |
| Defendant | § | |

## NOTICE OF APPEARANCE OF COUNSEL

Comes now Angelica Cogliano, of Cogliano & Miro, PLLC, and enters her appearance as counsel for Philip Taylor Sobash in the above-referenced action.

Respectfully submitted,

By: /s/ Angelica Cogliano
Angelica Cogliano
State Bar No.: 24101635
Cogliano & Miró, PLLC
505 W. 12th St. Ste. 206
Austin, Texas 78701
Office (512) 375-3303
Fax (877) 497-8347
Email angelica@coglianolaw.com

Attorney for Philip Taylor Sobash

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, a true and correct copy of the above and foregoing motion was filed electronically with the U.S. District Clerk's Office using the CM/ECF System and delivered to the United States Attorney's Office (AUSA Gabe Cohen).

By: /s/Angelica Cogliano
Angelica Cogliano

UNITED STATES MAGISTRATE JUDGE
# DETENTION HEARING

CASE NO. AU:24-M -00885(1)   LOCATION: AUSTIN, TEXAS

DEFENDANT: (1) Philip Taylor Sobash   ATTORNEY: Angelica Cogliano

MAGISTRATE JUDGE: DUSTIN M. HOWELL   AUSA: Gabriel Aaron Cohen

CRD: Samantha Landeros   INTERPRETER:

COURT REPORTER: FTR Gold - ERO   PRETRIAL OFFICER: Jessica Ward

CSO: Raymond Lemus   TIME: 10:04AM-10:30AM (26 minutes)

HEARING DATE: December 18, 2024

# PROCEEDINGS

| | |
|---|---|
| ☐ | WAIVER OF PRELIMINARY HEARING/ARRAIGNMENT FILED |
| ☐ | PRELIMINARY HEARING/ARRAIGNMENT HELD |
| ☐ | DEFENDANT SWORN |
| ☐ | COURT READ CHARGES TO DEFENDANT; DEFENDANT PLEADS NOT GUILTY |
| ☐ | COURT FINDS PROBABLE CAUSE |
| ☐ | DUE PROCESS WARNING GIVEN; ORDER FILED |
| X | DETENTION HEARING HELD |
| ☐ | WITNESS SWORN AND TESTIFIED |
| ☐ | EXHIBITS OFFERED AND ADMITTED |
| X | ARGUMENT OF COUNSEL HEARD |
| X | MOTION TO DETAIN GRANTED |
| X | COURT FINDS THERE ARE NO CONDITIONS TO BE SET |
| ☐ | CONDITIONS REVIEWED WITH DEFT WHO ACKNOWLEDGED UNDERSTANDING & SIGNED SAME |
| X | HEARING CONCLUDED |
| X | WRITTEN ORDER TO FOLLOW |

OTHER:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| **v.** | § | **Case Number:  AU:24-M -00885(1)** |
| | § | |
| **(1) Philip Taylor Sobash** | § | |

## <u>ORDER</u>

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

IT IS SO ORDERED this 18th day of December, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **No.  1:24-MJ-00885-DH** |
| | § | |
| **(1) PHILIP TAYLOR SOBASH,** | § | |
| *Defendant* | § | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, here, his serial sexual predation and exploitation of countless victims, including multiple minors;

- the weight of the evidence against the person, including financial records, electronic communications and files seized demonstrating his solicitation of child pornography directly from his victims, his payments to these victims, his sale of the child pornography he obtained by these means, and his threats to expose them if they did not provide him with more sexually explicit videos and pictures;

1

- the history and characteristics of the person, including his lengthy history of engaging in the same sort of conduct giving rise to these charges;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release as demonstrated by all of the above and as set out in the Government's memorandum in support of its motion to detain, Dkt. 4; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3)(E) that detention is needed because the crime charged is "an offense involving a minor victim under [18 U.S.C.] section[s] 2251, … 2252A(a)(2), [and] 2422" (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2

SIGNED December 18, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

3

AO 94  (Rev. 01/09) Commitment to Another District

# United States District Court
### for the
### Western District of Texas

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| (1) Philip Taylor Sobash | ) | Case No. | AU:24-M -00885(1) |
| *Defendant* | ) | | |
| | ) | Charging District's | |
| | ) | Case No. | 3:24-00217 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the __Middle__ District of _District of Tennessee, Nashville Division_ .

The defendant may need an interpreter for this language: _____ .

The defendant:   [X] will retain an attorney.

[ ] is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

December 18, 2024

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE